Pearson, C. J.
 

 Waiving a consideration of the question, growing out of the fact, that the testator directs a negro, named “ Chaney,” to be sold, thereby, as it would seem, taking her out of the general words of the bequest, under which the
 
 *240
 
 defendant claims, tinless there be two negroes of the same name, we concur with his Honor, that upon, the facts agreed, the plaintiff was entitled to recover.
 

 In this Court, the parties must stand on the legal title. That was in the testator, and at his death, passed to the executor, and at his death, without an assent to the legacy, passed to the plaintiff, as administrator
 
 de bonis
 
 non, &c. It is not stated, on the “ case agreed,” that there was an assent ; on the contrary, the record shows that this action was commenced by the executor. So, the plaintiff acquired the legal title to the slaves, as effects of the testator, not administered, and the defendant must assert her right, if she has any, in another fornm.
 

 To meet this difficulty,
 
 Mr. McRae
 
 assumed the position, that an assent was not necessary, for the defendant does not derive title, through the executor, under the will, but has a title paramount, b_y force of the original parol gift, the effect of the will being a confirmation thereof.
 

 The position is untenable. There is no authority to support it. “ The reason of the thing” is against it, and it is in direct violation of the statute, making parol gifts of slaves void, except in cases of intestacy. The legal effect of a will, is to pass the title to the executor, by whose assent it passes to the legatee, and a legacy, which has the effect of confirming a prior gift in such wise, that the title shall pass, by force of the gift, and not by force of the will, is an anomaly in die law. The title was in the testator at the time of his death. How could it get to the legatee, except through the executor, under the will ? That which is
 
 void
 
 cannot be confirmed, consequently the bequest, “I give Sally Jarman, one dollar, with the negroes
 
 I have given her
 
 before,” cannot have the effect of setting up the parol gift, so as to make the title jump back, and vest by force of the gift, in violation of the statute ; and the reference to the gift, can only have the effect of answering the purpose of a description of the negroes, which he intended to bequeath. Under this view, a reference to a prior gift of a negro woman has been seized upon by the courts, in many cases, to enlarge the subject of a bequest, so
 
 *241
 
 as to take in children, born between the making of the will and the death of the testator, who would be otherwise undisposed of, or fall into the residuum, under a long established rule of construction ; but this is, w'e believe, the first attempt ever made to give to it the effect of vesting the title of slaves by force of the parol gift, so as to exclude the right of the executor, and force creditors to sue the donee, as executor
 
 de son tort.
 

 Our attention was called, on the argument, to
 
 Lawrence
 
 v. Mitchell, 3 Jones’ Rep. 190. That was detinue, by an executor, for slaves. In the Court below, the plaintiff had judgment, on the ground, that the slaves passed to the residuary legatee. In this Court the judgment was reversed, on the ground, that by force of the words, “ all my negroes
 
 not heretofore disposed
 
 of,” and other special circumstances, the negroes did not pass to the residuary legatee, and that by a proper construction, the will was a confirmation of a parol gift of a negro woman, who was the mother of the negroes sued for. Erom this case, Mr. McRae draws the inference, that where a will confirms a parol gift, the title does not pass to the executor ; for, if so, then the plaintiff was entitled to judgment, whether the negroes fell into the residuum or not. The inference is a just one, from the case
 
 as
 
 reported, and we were induced to examine the original papers. We there find this important fact, which is not noticed in the report: “ It was not contended by the plaintiff, that he was entitled to recover, if the will confirms the gift to the defendant.”
 

 This admission was made in order to present the question of construction, for, otherwise, it was clear the plaintiff was entitled to recover, at law, whether the negroes fell into the residuum or not, and but for the admission, no question could be made as to his right to a judgment. So, that the case, correctly stated, is an authority against the position assumed on the argument.
 
 *
 

 
 *242
 
 It was also insisted by Mr. McRae that, supposing the direction to sell the negro woman, has the effect of taking her and the children born
 
 since
 
 the death of the testator, out of the general description contained in the bequest to the defendant, yet there is nothing to prevent the children born before the death of the testator, (to whom the direction to sell does not apply,) from passing to the defendant, under the general description, made by the reference to the prior gift. That may be so, but we are not at liberty to decide the question, as it can only be presented in a proceeding by the defendant against the plaintiff to recover her legacy, and, in the mean time, the plaintiff having the legal title, as administrator
 
 d& bonis
 
 non, is entitled to the judgment of this Court.
 

 Per Curiam,
 

 Judgment affirmed.
 

 *
 

 The Reporter claims to be excused for this omission, as no allusion is made to the omitted matter in the opinion of the Court in
 
 Lawrence
 
 v.
 
 Mitchell,
 
 and no stress laid on the fact involved in it.